United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANAREGHINA WONG LAI,

    Plaintiff,

v.

NORTHWESTERN MUTUAL, *et al.*,

    Defendants.

No. C 13-5183 SI

**ORDER DENYING PLAINTIFF'S MOTION TO EXTEND THE DISCOVERY DEADLINE AND COMPEL DEPOSITIONS**

    Plaintiff has filed two motions seeking to extend the discovery deadline and to compel the depositions of Debbie Champeau and Karen Deeds. The discovery deadline was June 13, 2014. Plaintiff states that counsel only realized the need for the depositions of Champeau and Deeds after the June 11, 2014 deposition of Sharon Hyde, whom defendant had presented as the person most knowledgeable "regarding the handling of Plaintiff's disability claim."[1] Plaintiff states that Hyde was not knowledgeable because she admitted during her deposition that she did not write the denial letter to plaintiff, that she was not the supervisor who reviewed and approved the denial letter, and that at the time of the deposition she had not read plaintiff's long term disability policy.

---

[1] The deposition notice sought the deposition of the person most knowledgeable ("PMK") regarding "the handling of Plaintiff's disability claim," including "regarding (1) Any and all reasons that Defendant Insurer denied Plaintiff's claim; (2) Any and all writings or materials that support the denial; (3) Any and all writings or other materials reviewed by Defendant Insurer in evaluating Plaintiff's claim; [and] (4) Any and all claims manual, protocols, and procedures generated by Defendant Insurer which apply to the evaluation and determination of Plaintiff's claim – whether or not referred to in the evaluation and determination of [the] claim." Lariviere Decl. Ex. 3.

A pretrial schedule "may be modified only for good cause and with the judge's consent." Federal Rule of Civil Procedure 16(b)(2). "Rule 16(b)' s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The Court agrees with defendant that plaintiff has not shown good cause to extend the discovery deadline because plaintiff was not diligent in pursuing discovery. Defendant disclosed Champeau and Deeds on September 30, 2013 when defendant served discovery responses identifying Champeau as the individual who, *inter alia*, recommended denying plaintiff's claim, and identifying Deeds as the individual who reviewed and approved Champeau's recommendation. In conjunction with those responses, defendant also produced the denial letter signed by Champeau and the claim referral in which Deeds approved the claim denial. Lariviere Decl. ¶ 3. Thus, plaintiff was aware of Champeau and Deeds and their roles in the denial of plaintiff's claim long before Hyde's deposition. Further, plaintiff did not notice the PMK deposition until May 7, 2014, approximately one month before the fact discovery deadline, and plaintiff did not seek to depose Champeau and Deeds at that time.

The Court also finds that plaintiff has not shown that Hyde was not a properly named as a PMK deponent. As defendant notes, the PMK topics were broader than just the denial of the claim. Hyde, in both her deposition testimony and in her declaration filed in support of defendant's pending motion for summary judgment, testified that she reviewed the entire claim file, including all of the medical reports, and that she was responsible for considering post claim denial alternative resolution. *Id*. ¶ 8 & Ex. 5; Hyde Decl. in Support of Defendant's Motion for Summary Judgment (Docket No. 29). Hyde also testified that she did not read plaintiff's policy because she was familiar with the policy terms.

In plaintiff's "rebuttal" to defendant's opposition, plaintiff asserts for the first time that the July 25, 2014 deadline for expert discovery is the "final discovery cutoff" and should be considered the deadline for completing fact discovery. Plaintiff asserts that the Court did not set separate deadlines for "fact" discovery and expert discovery, notwithstanding the fact that the Court's minute order states the "discovery cutoff" is June 13, 2014 and that the expert discovery cutoff is July 25, 2014. Docket No. 20. The June 13, 2014 discovery deadline was the deadline for "fact" discovery, and it is clear from the Court's minute order that there are separate deadlines for non-expert discovery (fact discovery) and for expert discovery.

2

The Court exercises its discretion and DENIES defendant's request for sanctions.

Accordingly, the Court DENIES plaintiff's motions to extend the discovery deadline. Docket Nos. 44 and 48.

**IT IS SO ORDERED.**

Dated: July 7, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE