1   MARGIE R. LARIVIERE (SBN: 172975)
    mlariviere@gordonrees.com
2   TINO X. DO (SBN: 221346)
    tdo@gordonrees.com
3   GORDON & REES LLP
    Embarcadero Center West
4   275 Battery Street, Suite 2000
    San Francisco, CA 94111
5   Telephone:  (415) 986-5900
    Facsimile:  (415) 986-8054
6

7   Attorneys for Defendants
    NORTHWESTERN MUTUAL and
8   THE NORTHWESTERN MUTUAL
    LIFE INSURANCE COMPANY
9

10                  **UNITED STATES DISTRICT COURT**

11              **NORTHERN DISTRICT OF CALIFORNIA**

12

13                                    )   CASE NO.  CV-13-5183 SI
                                      )
14  ANAREGHINA WONG LAI,              )
                                      )   **DEFENDANTS' REPLY TO PLAINTIFF'S**
15                  Plaintiff,        )   **OPPOSITION TO MOTION TO EXCLUDE**
                                      )   **DR. MARTIN WILLIAMS'**
16        vs.                         )   **SUPPLEMENTAL EXPERT REPORT**
                                      )   **SUBMITTED AS EXHIBIT 13 TO**
17  NORTHWESTERN MUTUAL; THE          )   **PLAINTIFF'S OPPOSITION TO**
    NORTHWESTERN MUTUAL LIFE          )   **DEFENDANTS' MOTION FOR**
18  INSURANCE COMPANY;, and DOES 1    )   **SUMMARY JUDGMENT**
    through 50, inclusive,            )
19                                    )
                                      )   Complaint Filed:   February 28, 2013
20                  Defendants.       )
                                      )   Date:        August 29, 2014
21                                    )   Time:        9:00am
                                      )   Courtroom: 10, 19th Floor
22                                    )
                                      )
23                                    )
    _____   )
24

25

26

27

28

---

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO EXCLUDE DR. MARTIN WILLIAMS'
SUPPLEMENTAL EXPERT REPORT

I.      **INTRODUCTION**

Plaintiff seeks to avoid the repercussions of submitting an untimely expert rebuttal report by Dr. Williams by simply deeming the report to be "supplemental." This is disingenuous and belied by the content of the report itself. More telling, it is belied by Dr. Williams himself who billed his time for this work as "preparation of written report **in rebuttal of** Northwestern experts … ." (See 7/20/14 invoice attached hereto Exhibit A.) This is not the first time that Plaintiff has attempted to thwart Court ordered deadlines[1] and her continued disregard for the discovery process should not be sanctioned.

The Court set a June 20, 2014 deadline for the parties to serve expert rebuttal disclosures. This date was one month after the initial expert disclosure deadline and provided ample time for each party to respond to the opinions of opposing experts if they chose to do so. Fact discovery closed on June 13, 2014 so the experts had all relevant evidence before the deadline. There is no dispute that Plaintiff's expert, Martin Williams, PhD, had access to Northwestern Mutual's initial expert reports, all medical records, and all discovery prior to the deadline. Yet, it was not until July 2014 that Plaintiff's counsel chose to provide that information to Dr. Williams. Only after the rebuttal deadline did Dr. Williams review the records, re-examine Plaintiff and administer an M-FAST test to detect malingering. Although other tests had been used to detect malingering, the M-FAST test had not been used by any of Plaintiff's treating doctors or any of the numerous doctors who performed independent medical evaluations of Plaintiff.

It is clear from Dr. Williams' July 16, 2014 report that he offers new opinion based on the M-FAST test and rebuts the expert opinions of Northwestern Mutual's experts. There is no justification for Dr. Williams' untimely report, he had unfettered access to testing Plaintiff and reviewing the medical records and Northwestern Mutual's expert reports prior to the deadline. Northwestern Mutual is substantially prejudiced by this late report as, among other issues, Plaintiff is relying on new testing- the M-FAST results – to now support her claim. Dr. Williams' untimely report should

---

[1] Plaintiff sought to take depositions of two Northwestern Mutual employees after the closure of fact discovery. The Court denied her motion noting that Plaintiff had ample opportunity to take the depositions prior to the deadline for fact discovery. (See Docket, Document 50.)

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO EXCLUDE DR. MARTIN WILLIAMS' SUPPLEMENTAL EXPERT REPORT

1  be stricken.

2  **II.     FACTS**

3  **A.  Chronology of Events**

4  On February 26, 2014, this Court issued a Pretrial Preparation Order that set the following

5  deadlines:  June 13, 2014—Non-expert discovery cutoff;  May 16, 2014 – last day to designate

6  experts; June 20, 2014 – last day for expert rebuttals.  (See Lariviere Decl., ¶ 3, Exhibit 1.)

7  Northwestern Mutual disclosed Board Certified Psychiatrists Drs. Logan and Reich and

8  Board Certified Neuropsychologist Sara Swanson as experts and produced their expert reports.

9  Plaintiff disclosed Psychologist Martin Williams, PhD and produced his report a week after the

10  deadline.  (Lariviere Decl ¶ 4, Exhibits 2-3.)

11  On June 20, 2014, Northwestern Mutual served rebuttal reports prepared by Drs. Logan,

12  Swanson and Reich.  Their rebuttal specifically responded to the opinions and conclusions reached

13  by Dr. Williams in his May 12, 2014 report.  (*Id*., ¶ 5, Exhibit 4.)  Plaintiff did not serve any rebuttal

14  disclosure or expert report by the June 20, 2014 deadline.  (*Id*.)

15  On July 25, 2014, Plaintiff filed her Opposition to Northwestern Mutual's summary

16  judgment motion.  (*Id*., ¶ 7.)  Plaintiff attached a July 16, 2014 report by Dr. Williams as "Exhibit

17  13" to her Opposition.  Plaintiff had not served or disclosed Dr. Williams report prior to filing her

18  Opposition.

19  **B.  Williams July 16, 2014 Report Offers New Information and Rebuts Northwestern's**
20  **Experts**

21  In the report, Dr. Williams' states that he evaluated Plaintiff again on July 16, 2014 for over

22  one and a half hours and administered a test for malingering of psychological symptoms called the

23  M-FAST.  Dr. Williams also noted that he was provided with a number of reports including 2011

24  reports from Drs. Logan, Reich and Swanson, the doctors expert reports dated in April and May

25  2014 [disclosed by Northwestern on the May 16, 2014 deadline], and "discovery records."  It is

26  unclear what "discovery" was produced to Dr. Williams, however, fact discovery closed on June 13,

27  2014 and all records were available to Dr. Williams prior to the rebuttal deadline.

28

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO EXCLUDE DR. MARTIN WILLIAMS'
SUPPLEMENTAL EXPERT REPORT

1    Dr. Williams makes a new diagnosis of performance anxiety regarding test taking.  He

2    responds to Northwestern Mutual's expert reports.  He conducted a further evaluation of Plaintiff

3    and administered an M-FAST test to detect malingering.  He now opines that based on the MFAST,

4    he can rule out malingering.  Dr. Williams opined that he could rule out other psychiatric disorders

5    based on his review of medical records that have been available to Plaintiff's counsel since 2013.

6    It is disingenuous for Plaintiff to argue that Dr. Williams' report simply supplements his

7    earlier expert opinion when the July 16, 2014 report is based on new testing and a review of data

8    available to him before the expert deadline.

9    ### III.   <u>LEGAL ARGUMENT</u>

10   As noted in its moving papers, Rule 26(e) supplements are "only for the narrow purpose of

11   correcting inaccuracies or adding information that was not available at the time of the initial report."

12   Fed. R. Civ. P. 26(e); *In re Asbestos Prods. Liability Litig. (No. VI)*, 289 F.R.D. 424, 425 (E.D. Pa.

13   2013); *see also Luke v. Family Care and Urgent Medical Clinics*., 323 Fed. Appx. 496, 500 (9th Cir.

14   2009) (holding that Rule 26(e) supplementation does not create a loophole for a party to revise an

15   initial report to its advantage); *Leviton Mfg. Co, Inc. v. Nicor, Inc.* 245 F.R.D. 524, 528 (D.N.M.

16   2007) (stating that Rule 26(e) supplemental report was not appropriate to "deepen" or "strengthen"

17   existing opinions).  In fact, courts reject "supplemental" expert reports where the report is offered to

18   rebut an argument raised in a summary judgment motion, or was served merely because a party

19   simply wished to supplement.  *In re Asbestos Prods. Liability Litig. (VI)*, 289 F.R.D. at 425-26.

20   Plaintiff claims that the July 16, 2014 expert report of Dr. Williams should be admitted based

21   on three grounds: (1) that it is not untimely under FRCP 26( e); (2) that her July 24, 2014 disclosure

22   provided Northwestern Mutual with adequate time and notice and did not harm defendants by the

23   late disclosure; and (3) that because Dr. Williams came to the same results (that Plaintiff was not

24   malingering) then the late filing was "substantially justified."  (Opposition, pg. 2: 14-20.)  None of

25   these contentions are supported by the evidence.

26   ### A.   <u>Plaintiff's expert report was untimely.</u>

27   The deadline for Plaintiff to file a rebuttal report was June 20, 2014.  Plaintiff's reliance on

28

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO EXCLUDE DR. MARTIN WILLIAMS'
SUPPLEMENTAL EXPERT REPORT

1    FRCP(a)(3)(B) for setting rebuttal deadlines is misplaced.  Here, the parties stipulated to dates for

2    expert disclosures and the Court adopted these deadlines it the February 2014 Scheduling Order.

3    Accordingly, Plaintiff's production of the report was on July 25, 2014 was untimely.

4          In this case, Dr. Williams was instructed to prepare his initial May 12, 2014 expert report

5    **based solely on** an interview with Plaintiff.  (Lariviere Decl., ¶ 7, Exhibit 5 at p. 2)  Counsel did not

6    provide any discovery, medical records, IME reports, deposition transcripts, prior test results or any

7    other information to Dr. Williams for his review prior to the expert deadline.  On July 16, 2014, a

8    month after the rebuttal deadline, Dr. Williams re-evaluated Plaintiff, administered the M-FAST test,

9    reviewed the material available to him prior to the deadlines, and offered opinions based on his

10   review of this new data.  He also specifically rebutted the opinion of Northwestern Mutual's experts.

11   There was no reason for Dr. Williams not to have completed all of these tasks prior to the expert

12   disclosure deadlines.  Plaintiff is not entitled to have Dr. Williams offer new opinion and rebut

13   Northwestern Mutual's experts and get the information admitted by simply deeming it

14   "supplemental." Plaintiff has no justification for submitting the Williams Report as a "supplemental"

15   report.

16          B.  **Northwestern is prejudiced by the late report.**

17          Dr. Williams was retained by Plaintiff approximately one week before the May 20, 2014

18   expert disclosure deadline.  As noted in his initial expert report, Dr. Williams examined Plaintiff on

19   May 12, 2014, eight days before the deadline.  Dr. Williams May 12, 2014 expert opinion is based

20   solely on an interview with Plaintiff.  He did not review any medical records, prior testing, or

21   discovery that was available.  He did not base his opinion on any objective testing.

22          On July 25, 2014, Plaintiff produced Dr. Williams July 16, 2014 report.  His opinions were

23   based on a second examination of Plaintiff, a test for malingering, and a review of records that were

24   **all available to him prior to his initial May report** (except for the rebuttal reports of

25   Northwestern's experts).  Dr. Williams could have done the testing and reviewed the records prior to

26   the deadline.  Northwestern made decisions about its rebuttal experts based on Dr. Williams' initial

27   expert report, which was not based on any testing or review of medical records.  Now, after the

28

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO EXCLUDE DR. MARTIN WILLIAMS'
SUPPLEMENTAL EXPERT REPORT

deadline, Dr. Williams tested Plaintiff for malingering using a test called the MFAST, a test that obviously could have been used prior to the initial disclosure.  Although other tests had been used to detect malingering, no prior doctor had used the M-FAST to test for malingering.  Northwestern Mutual had no opportunity by the expert deadlines to determine whether to hire an expert on the M-FAST to rebut Dr. Williams' test methodology or test results.  Plaintiff's blatant disregard of the deadlines, and attempt to firm up an expert report with later testing and data, is unquestionably prejudicial to Northwestern.

### C.  Plaintiff has no justification for submitting a late rebuttal

There can be no dispute that Dr. Martin Williams' July 16, 2014 report attempts to add new opinion and rebut the expert reports of Northwestern Mutual experts.  Dr. Williams identifies several categories of documents on the very first page of his July 16, 2014 report, all but Northwestern Mutual's rebuttal reports were available to him by the expert deadlines.  Plaintiff's counsel had ample opportunity to provide the information to Dr. Williams by the deadline.

Plaintiff's central argument that Dr. Williams' report does not contain any rebuttal of the opinions of the experts presented by Northwestern Mutual is contradicted by the plain language of the report itself and Dr. William's invoice where he bills for rebutting Northwestern Mutual's experts.

### IV.  CONCLUSION

For the reasons stated above, Northwestern Mutual respectfully requests that Court exclude Dr. Williams July 16, 2014 Report as being untimely, without substantial justification for the delay and prejudicial to Northwestern Mutual.

Date: August 19, 2014          GORDON & REES, LLP


By  */s/ Margie R. Lariviere*
              Margie R. Lariviere
              Tino X. Do
Attorneys for Defendants
NORTHWESTERN MUTUAL and THE
NORTHWESTERN MUTUAL LIFE INSURANCE
COMPANY

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO EXCLUDE DR. MARTIN WILLIAMS'
SUPPLEMENTAL EXPERT REPORT

**Martin H. Williams, Ph.D.**
**Williams Psychological Services**
**2033 Gateway Place; Suite 500**
**San Jose, CA 95110**

# Invoice

**Phone: (888) 886-6589       Email: mw@drmwilliams.com**

Bill To:
Ray Bourhis Associates
Terrie Olson

| Date | Invoice No. |
|------|-------------|
| 07/20/14 | 388 |

| Balance Due | $2,250.00 |
|-------------|-----------|

| Item | Description | Quantity | Rate | Amount |
|------|-------------|----------|------|--------|
| Report | Preparation of written report in rebuttal of Northwestern experts, consultations with Ms. Leone--excess hours beyond what Mr. Maley paid | 5 | 450.00 | 2,250.00 |

Tax ID 20-4888083

| | Total | $2,250.00 |
|--|-------|-----------|

WL EXPERT 00032