IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANAREGHINA WONG LAI,

    Plaintiff,

v.

NORTHWESTERN MUTUAL, *et al.*,

    Defendants.

No. C 13-5183 SI

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**

In an order filed September 26, 2014, the Court granted in part defendants' motion for summary judgment and granted defendants' motion to strike. The Court held that defendants did not breach the implied covenant of good faith and fair dealing because there was a genuine dispute as to coverage; that plaintiff was not entitled to seek punitive damages because plaintiff failed to raise a triable issue of fact as to whether defendants' actions were oppressive, fraudulent or malicious; and that Dr. Martin Williams' July 16, 2014 expert report was an untimely rebuttal expert report. The Court denied summary judgment with regard to plaintiff's breach of contract claim.[1]

Plaintiff has not shown that any of the grounds for seeking reconsideration are met. A party seeking leave to file a motion for reconsideration "must specifically show" the following:

---

[1] Contrary to plaintiff's assertion in the motion for leave to file a motion for reconsideration, the Court's summary judgment ruling was not based on any "calculation" regarding the likelihood of settlement, but rather upon an assessment of the parties' arguments and the extensive record before the Court.

    (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

    (2) The emergence of new material facts or a change of law occurring after the time of such order; or

    (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil Local Rule 7-9(b).

    Plaintiff contends that the Court failed to consider material facts or dispositive arguments which plaintiff presented in her opposition to defendant's motion for summary judgment. In fact, however, plaintiff's motion for leave to file a motion for reconsideration presents arguments that were not articulated in her opposition. In her opposition to defendant's motion for summary judgment, plaintiff argued that she was disabled as a result of anxiety and depression, and that defendant breached the covenant of good faith and fair dealing by selecting biased experts and by terminating plaintiff's benefits without any of those experts meeting plaintiff and administering objective tests for malingering. In the motion for leave to file a motion for reconsideration, plaintiff presents the new argument that defendants breached the covenant of good faith and fair dealing by never retaining an expert who specialized in mild brain injury cases. Plaintiff did not make that argument in opposition to summary judgment, and plaintiff cannot seek reconsideration based upon a ground that was not presented on summary judgment.

    In any event, the record before the Court shows that defendants conducted a reasonable and comprehensive investigation of plaintiff's claim, including the review of multiple MRIs that did not show any brain injury. *Cf. Hangarter v. Paul Revere Life Ins. Co.*, 236 F. Supp. 2d 1069 (N.D. Cal. 2002) (upholding jury verdict finding insurance company acted in bad faith where, *inter alia*, company "deliberately set out to terminate [plaintiff's] claim," company's employees "testified repeatedly that they neither knew nor used the California definition of total disability" and "[t]hey attempted to apply an artificial standard to avoid the requirements of California law in their efforts to find plaintiff not disabled," and company "chose an examiner, Dr. Swartz, with a record of finding claimants not disabled and instructed him through Dr. Bianchi in how he should find that Plaintiff's condition with conservative treatment would improve over time."). The evidence in this case showed that there was,

at a minimum, a genuine dispute as to whether plaintiff was disabled, thereby barring plaintiff's bad faith claims.[2]  Further, plaintiff did not present any evidence in opposition to summary judgment showing that defendants' experts were biased.  Finally, plaintiff repeats the argument – that she made on summary judgment and that was considered and discussed by this Court in the summary judgment order – that plaintiff did not have any financial incentive to fake her disability.

With regard to striking Dr. Williams' report, plaintiff simply reiterates her arguments that the July 16, 2014 report is a supplemental report rather than an untimely rebuttal report.  The Court concluded that the report was a rebuttal report not simply based on the fact that Dr. Williams' July 16, 2014 report discussed new test results (testing that was performed directly in response to the testing discussed by defendants' experts), but also because Dr. Williams' July 16, 2014 report did not simply supplement his earlier report, but rather it responded to the points made in defendants' experts' reports.

This order resolves Docket No. 77.

**IT IS SO ORDERED.**

Dated: October 20, 2014

SUSAN ILLSTON
United States District Judge

---

[2] Contrary to plaintiff's assertions, the fact that there were differing opinions as to the precise diagnosis for plaintiff does not mean that defendant engaged in bad faith where, as here, the record shows that numerous doctors evaluated plaintiff, no doctor opined that plaintiff suffered from mild traumatic brain injury, and multiple doctors concluded based upon objective testing that plaintiff was malingering and/or exaggerating her symptoms.