| | |
|---|---|
| 1 | MARGIE R. LARIVIERE (SBN: 172975) |
|   | mlariviere@gordonrees.com |
| 2 | TINO X. DO (SBN: 221346) |
|   | tdo@gordonrees.com |
| 3 | GORDON & REES LLP |
|   | Embarcadero Center West |
| 4 | 275 Battery Street, Suite 2000 |
|   | San Francisco, CA 94111 |
| 5 | Telephone:  (415) 986-5900 |
|   | Facsimile:  (415) 986-8054 |

Attorneys for Defendants
NORTHWESTERN MUTUAL and
THE NORTHWESTERN MUTUAL
LIFE INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANAREGHINA WONG LAI, | CASE NO.  CV-13-5183 SI |
| Plaintiff, | **THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 5 – TO ALLOW PLAINTIFF TO INCLUDE BOTH DR. WILLIAMS' INITIAL AND SUPPLEMENTAL REPORTS AT TRIAL** |
| vs. | |
| NORTHWESTERN MUTUAL; THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY;, and DOES 1 through 50, inclusive, | |
| Defendants. | Pretrial Conf: November 3, 2014 |
| | Time:          3:30 p.m. |
| | Courtroom:  10 |
| | |
| | Trial Date:   November 17, 2014 |
| | Judge:         Hon. Susan Illston |

---

THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 5 – TO ALLOW PLAINTIFF TO INCLUDE BOTH DR. WILLIAMS' INITIAL AND SUPPLEMENTAL REPORTS AT TRIAL

## I. INTRODUCTION

In Plaintiff's Motion in Limine No. 5, she seeks a ruling that Dr. Williams opinions and reports submitted after the close of expert discovery should be admissible at trial.

## II. LEGAL ARGUMENT

Plaintiff's Motion in Limine No. 5 consists of a single sentence and is completely devoid of any factual or legal support and the Court should deny Plaintiff's motion on this basis alone. *Zuniga v. Jordan*, 2012 U.S. Dist. LEXIS 12403 at *29-30 (party moving for in limine order carries burden of establishing entitlement to relief requested). Having failed to offer any factual support or legal argument, Plaintiff has failed to meet her burden and any relief requested in Motion in Limine No. 5 must be denied.

Additionally, Plaintiff's Motion in Limine No. 5 is procedurally deficient because it inappropriately seeks an order *allowing* evidence to be introduced as opposed to excluding evidence. *Zuniga v. Jordan*, 2012 U.S. Dist. LEXIS 12403 at *29 (E.D. Cal. 2012) ("purpose of a motion in limine is to establish in advance of the trial that certain evidence should not be offered at trial").

In any event, factual, legal and procedural issues aside, The Northwestern Mutual Life Insurance Company refers the Court to its Motion in Limine No. 2, which sets forth the reason that Dr. Williams' reports and testimony must be excluded.

## III. CONCLUSION

For the reasons stated above, Northwestern Mutual respectfully requests that the Court deny Plaintiff's Motion in Limine No. 5.

Date: October 29, 2014

GORDON & REES, LLP

By */s/ Margie R. Lariviere*
Margie R. Lariviere
Tino X. Do
Attorneys for Defendants
NORTHWESTERN MUTUAL and THE
NORTHWESTERN MUTUAL LIFE INSURANCE
COMPANY

1088187/21217427v.1

1

THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 5 – TO ALLOW PLAINTIFF TO INCLUDE BOTH DR. WILLIAMS' INITIAL AND SUPPLEMENTAL REPORTS AT TRIAL