IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANAREGHINA WONG LAI, | No. C 13-5183 SI |
| Plaintiff, | **FINAL PRETRIAL SCHEDULING ORDER** |
| v. | |
| NORTHWESTERN MUTUAL AND NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, | |
| Defendants. | |

On November 3, 2014, the Court held a final pretrial conference in the above captioned matter, which is set for jury trial beginning November 17, 2014. All parties were represented by counsel. The following matters were resolved:

1. **Number of jurors and challenges**: There shall be a jury of 7 members. Each side shall have up to three peremptory challenges.

2. **Voir dire**: The Court will conduct general voir dire, and counsel for each side shall have up to 15 minutes total to question the panel. Counsel shall prepare a joint statement regarding the case that the Court will read to the jury during voir dire. Counsel shall submit the joint statement to the Court by noon on November 14, 2014.

3. **Jury instructions**: Counsel have submitted joint proposed jury instructions.

4. **Trial exhibits**: No later than November 14, 2014, the parties shall submit their trial

exhibits, in binders with numbered tabs separating and identifying each exhibit. The Court shall be provided with three sets (for the court, the file and the witness) and each side shall provide one set for the other side. To the extent that original documents are to be used as exhibits in the case, they should be included in the set of exhibits for the Court.

5. **Timing of trial**: The parties estimated that the trial should take between 3 and 5 days. Based on a five-day estimate, each side shall have 45 minutes for opening statements; each side shall have 8 hours total for presentation of evidence, which includes direct and cross-examination and presentation of all exhibits; and each side shall have up to 60 minutes for closing argument.

6. **Trial schedule**: Jury trials are generally conducted Monday through Thursday; jury trials are generally not conducted on Fridays, although deliberating juries are free to deliberate on Fridays. The trial day runs from 8:30 a.m. until 3:30 p.m., with a 15 minute break at 10:00 a.m., a 45 minute break at 12:00 noon and a 15 minute break at 2:00 p.m., all times approximate. Jury selection will occur on Monday November 17, 2014, and counsel will proceed with opening statements on Tuesday November 18, 2014. Thursday, November 27, 2014 and Friday, November 29, 2014 are court holidays.

7. **Motions in limine**: The parties filed motions in limine, as follows:

**Plaintiff's motion #1 - "attorneys' fees" and motion #2 - leave to amend complaint at trial**: Plaintiff has stated that she will seek to amend the complaint to conform to proof, to resurrect the bad faith and other tort claims which were adjudicated against her in the summary judgment proceedings. After having done so, she will apparently seek attorneys fees under *Brandt v. Superior Court*., 37 Cal.3d 813 (1985). However, this action will be tried on the breach of contract claims only, and only such evidence and testimony as are relevant to the breach of contract claims will be allowed. Under these circumstances, it is unlikely that the tort claims – as to which plaintiff was unable to demonstrate a triable issue of material fact during the summary judgment process – will come back to life. To the extent that these motions in limine seek approval to amend the complaint, or to seek tort-related attorneys fees, they are DENIED at this time.

**Plaintiff's motion #3 - to exclude experts from testifying on topics outside the scope of their expertise and motion #4 - to allow voir dire of every witness expressing opinion on**

**traumatic brain injury:** No experts will be allowed to opine on topics outside their areas of expertise, and each expert may be queried on that expertise. However, to the extent plaintiff's motions suggest that only experts on "mild traumatic brain injury" may testify about plaintiff's condition, it is DENIED. The physicians and experts who have treated plaintiff, examined plaintiff and been deposed in this case – neuropsychologists and psychiatrists primarily – may testify about her condition, including any mild traumatic brain injury issues.

**Plaintiff's #5 - to allow plaintiff to include both Dr. Williams' initial and supplemental reports at trial:** Expert reports, which are hearsay, are not generally admitted into evidence. However, Dr. Williams may testify about the subject matter of both his initial and his supplemental reports, and may express the opinions contained therein and expressed at his deposition, based on the materials he had reviewed at that time. If he has since reviewed other materials or records, he may not testify about new opinions related to his later review, nor may he bolster his old opinions by relying on the later-reviewed materials. **Moreover, plaintiff is ordered to PRODUCE the written MFAST testing performed by Dr. Williams on plaintiff to defendant by 10:00 a.m. on Tuesday, November 4, 2014.**

**Plaintiff's motion #6 - to define factitious disorder, clinical depression, debilitating anxiety, and conversion disorder as "sicknesses" within the policy and motion #7 - to define comorbidity in the context of a disability claim:** DENIED. These are areas of medical and other expertise, or subjects of stipulation.

**Plaintiff's motion #8 - to exclude plaintiff's wedding video and evidence of children discovered after the termination of benefits:** DENIED. This is relevant evidence as to plaintiff's condition.

**Plaintiff's motion #9 - to define intent required to constitute malingering:** DENIED. This is an area of medical and other expertise, or the subject of stipulation.

**Defendant's motion #1 - to exclude Dr. Nataliya Belfor:** This motion was based on plaintiff's failure to disclose Dr. Belfor in a timely manner prior to trial. Plaintiff now states that she does not intend to call Dr. Belfor in her case in chief. Accordingly, the motion is GRANTED.

**Defendant's motion #2 - to exclude expert opinion of and reports prepared by Dr.**

**Martin Williams**: DENIED. See plaintiff's motion #5.

**Defendant's motion #3 - to exclude testimony of Pablo Wong, Mimi Alvarez and Joyce Freeman [sic - Foreman]**: The motion was withdrawn as to Joyce Foreman. The motion is DENIED as to Pablo Wong and Mimi Alvarez, provided that plaintiff make each of them available to defendant for deposition, at a time convenient to defense counsel, prior to trial.

**Defendant's motion #4 - to exclude speculative and baseless testimony on plaintiff's potential earnings as a dentist:** In general, the Court will not allow speculative or baseless testimony by any witness. The plaintiff may testify about her prior plans to practice dentistry and her expectations about the practice, and will be subject to cross examination about them. Plaintiff may not testify that she "would have" made any particular salary or income, as that would be speculative. The Court DENIES plaintiff's request to take judicial notice of data from the Bureau of Labor Statistics regarding the annual mean wage of a dentist.

**Defendant's motion #5 - to exclude claim for emotional distress damages in breach of contract claim:** GRANTED.

**Defendant's motion #6 - to exclude testimony from lay witnesses regarding plaintiff's alleged traumatic brain injury:** Lay witnesses with personal knowledge of plaintiff may testify about their observations of her conduct and their interactions with her. No such witnesses may testify about causation, illness or medical diagnosis.

**Defendant's motion #7 - to exclude evidence of plaintiff's award of Social Security Disability Benefits:** GRANTED. The SSA finding is based on an entirely different standard for "disability" that is not relevant in a private insurance disability suit. Moreover, any slight probative value it might have is outweighed by the risks of confusing the issues and creating undue delay, because the parties would also be required to put on evidence regarding SSA's methodology and findings. Neither party may mention the SSA disability finding or the fact that plaintiff receives disability payments from SSA.

**Defendant's motion #8 - to exclude any testimony on defendant's alleged bad faith conduct:** GRANTED; only breach of contract claims remain in this action. However, plaintiff is free to produce evidence concerning defendant's conduct as related to the breach of contract claims.

4

**Defendant's motion #9 - to exclude any testimony on plaintiff's alleged physical impairments that were never certified in disability claim:** the motion is unopposed and therefore it is GRANTED.

**IT IS SO ORDERED.**

Dated: November 5, 2014

_____
SUSAN ILLSTON
United States District Judge