UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANAREGHINA WONG LAI,<br><br>   Plaintiff,<br><br>   v.<br><br>NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, et al.,<br><br>   Defendants. | Case No. 13-cv-05183-SI<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR REVIEW OF CLERK'S TAXATION OF COSTS**<br><br>Re: Dkt. No. 169 |

Plaintiff AnaReghina Wong Lai's motion for review of the Clerk's taxation of costs pursuant to Federal Rule of Civil Procedure 54(d) is scheduled for hearing on March 20, 2015. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the Court DENIES plaintiff's motion.

**BACKGROUND**

Defendants Northwestern Mutual Life Insurance Company received a judgment against plaintiff on November 25, 2014 after a trial by jury. Dkt. No. 163. Defendants then filed a Bill of Costs and sought to recover costs in the amount of $21,408.75. Dkt. No. 164. Plaintiff filed objections to the Bill of Costs. Dkt. No. 166. On January 16, 2015, the Clerk issued its notice of Taxation of Costs, taxing costs in the amount of $13,240.37. Dkt. No. 168. Plaintiff now seeks review of the Clerk's Taxation of Costs.

**LEGAL STANDARD**

28 U.S.C. § 1920 authorizes a judge or clerk of the district court to tax costs. Pursuant to

Federal Rule of Civil Procedure 54(d), costs incurred by the prevailing party may be assessed against the losing party as of course and may be taxed by the Clerk. "Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "Rule 54(d) creates a presumption in favor of awarding costs to prevailing parties, and it is incumbent upon the losing party to demonstrate why the costs should not be awarded." *Stanley v. Univ. of S. Cal.,* 178 F.3d 1069, 1079 (9th Cir. 1999). Taxable costs are listed in 28 U.S.C. § 1920 as follows:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Civil Local Rule 54-3 provides additional "standards for interpreting the costs allowed under section 1920." *Intermedics v. Ventritex, Co.*, No. C-90-20233, 1993 WL 515879, at *1 (N.D. Cal. Dec. 2, 1993). Upon motion for review of the Clerk's taxation of costs, the Clerk's actions may be reviewed by the Court. Fed. R. Civ. P. 54(d)(1). The taxation of costs lies within the trial court's discretion. *In re Media Vision Tech. Secs. Litig.*, 913 F. Supp. 1362, 1366 (N.D. Cal. 1996).

If the district court wishes to depart from the presumption in favor of awarding costs, it must give reasons for doing so by explaining "why a case is not 'ordinary' and why, in the circumstances, it would be inappropriate or inequitable to award costs." *Ass'n. of Mexican-American Educators v. Cal.*, 231 F.3d 572, 593 (9th Cir. 2000). District courts may consider a variety of factors in determining whether to exercise their discretion to deny costs to the prevailing party. These factors include great economic disparity between the parties, and the losing party's limited financial resources. *Id.*

## DISCUSSION

Plaintiff argues that the Court can deny taxation of costs because of the "losing party's

1 limited resources." *Ass'n of Mexican-American Educators v. Cal.*, 231 F.3d at 591-92. Plaintiff
2 asserts that "[c]osts should be denied because Plaintiff is permanently and totally disabled, is not
3 gainfully employed, and therefore would suffer extreme hardship if required to pay these costs."
4 Dkt. 169 at 3:6-8.

5       Having reviewed the motion as well as the exhibits provided in support of defendants'
6 opposition to the motion, the Court finds no evidentiary support for plaintiff's claims of financial
7 hardship. Plaintiff has provided no declarations, affidavits, or evidence showing indigence or
8 limited financial resources that would demonstrate financial hardship in connection with paying
9 costs under 54(d). In contrast, defendants provide ample evidence of plaintiff's financial
10 resources, including household W-2 income of $158,982 in 2012. Dkt. No. 167, Ex. 2 at 14. At
11 trial, plaintiff's husband testified he now makes over $200,000 per year. Dkt. No. 170, Decl. 1.
12 Furthermore, plaintiff paid her expert at least $13,850 in 2014 alone, which is more than the
13 present costs taxed by the Clerk. Dkt. No. 171. The Court finds it is not inappropriate or
14 inequitable for plaintiff to pay costs, as she has significant resources.

15       Plaintiff also argues that the breach of contract issue in the case was "difficult and close,"
16 and thus costs should be denied. *Ass'n of Mexican-American Educators*, 231 F.3d at 591-92. The
17 Court disagrees. The only issue at trial was a breach of contract claim, which the jury decided in
18 less than two hours. Dkt. No. 156, 158. Further the Court finds an award of costs to the
19 prevailing party in this case will not have a "chilling effect" on disability insurance lawsuits, as
20 each such claim is highly individualized depending on particular contract language and an
21 individual's disabilities. Plaintiff has failed to rebut the presumption that costs be awarded to the
22 prevailing defendants.

28 ///

**CONCLUSION**

For the foregoing reasons, plaintiff's motion for review of the Clerk's taxation of costs is DENIED. Dkt. No. 169.

**IT IS SO ORDERED**.

Dated: February 27, 2015

_____
SUSAN ILLSTON
United States District Judge